UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- AGAINST -<br><br>OUMAR ISSA, HAROUNA TOURE AND IDRISS ABDELRAHMAN,<br><br>DEFENDANTS. | **DEFENDANT ABDELRAHMAN'S INITIAL MOTIONS IN LIMINE**<br><br>09 Cr. 1244 (RJH) |

Defendant Idriss Abdelrahman hereby respectfully moves for the following relief *in limine* with respect to the trial in this matter scheduled to begin on October 11, 2011:

    1. An ORDER precluding any testimony by proposed government expert Evan Kohlmann or, in the alternative, directing a pre-trial hearing to *voir dire* Mr. Kohlmann outside the presence of the jury and to determine the nature and permissible scope of his proposed testimony;

    2. An ORDER precluding any testimony by proposed government expert Daniel Dyer or, in the alternative, directing a pre-trial hearing to *voir dire* Agent Dyer outside the presence of the jury and to determine the nature and permissible scope of his proposed testimony;

    3. An ORDER barring any mention of the events of September 11, 2011, Osama Bin-Laden, other terrorist incidents that potentially affected personally the jury pool from which the *venire* is drawn, specific terrorist acts by Al Qaeda or FARC, or any other potentially inflammatory evidence;

    4. An ORDER striking as surplusage paragraphs 1-7 of the indictment; and

    5. Any such other relief that the Court deems just and proper.

The factual and legal bases for these motions are set forth below.

**I.   Mr. Kohlmann and Agent Dyer Should Not Be Permitted to Testify; If They Do Testify Their Testimony Should Be Limited after a Hearing at which the Full Substance of the Proposed Testimony is Revealed by the Government**

On August 9, 2011 the government served a purported expert notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, along with *curricula vitarum* for their proposed experts, DEA Special Agent Daniel Dyer and Mr. Evan Kohlmann.  *See* Ex. A: 8/9/11 Gov't Letter.  We respectfully oppose these witnesses' testimony because it is unnecessary: Mr. Abdelrahman and co-defendant Oumar Issa are willing to stipulate as to the only facts about which the witnesses would be qualified to provide testimony, *viz.* that there exist organizations known as the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), Al Qaeda, and Al Qaeda in the Maghreb ("AQIM"), and that those organizations engage in or have engaged in terrorism or terrorist activity.[1]  We set forth our objections to the proposed witnesses' testimony in further detail below.

   **A.   Special Agent Daniel Dyer**

The sum total of the expert notice with respect to Agent Dyer's testimony reads as follows:

---

[1] I have spoken with counsel for co-defendants Oumar Issa and Harouna Touré regarding such a stipulation.  I am advised that co-defendant Issa would agree to the stipulation and that co-defendant Touré is still considering the matter.

> The Government anticipates that Special Agent Dyer will testify, among other things, about the FARC's origins, its ideology, its involvement in narcotics trafficking, including trafficking of cocaine to the United States, and its past and ongoing acts of terrorist violence including acts of terrorist violence and hostage takings involving American citizens.

8/9/11 Gov't Letter at 1.

Not only is this expert notice wholly inadequate, but it reveals no testimony that relates in any way to any fact in issue in this case. Under Rule 16(a)(1)(G), the government is required to provide "a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed R. Crim. P. 16(a)(1)(G). The Rule goes on to require that the summary "must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications." *Id*. "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *U.S. v. Ferguson*, 6 Cr. 137, 2007 WL 4539646 at *1 (D. Conn. Dec. 14, 2007), *citing U.S. v. Duvall*, 272 F.3d 825, 828 (7th Cir.2001) ("The Rule requires a summary of the expected testimony, not a list of topics.").

The Dyer disclosure is no more than a list of topics. It summarizes nothing. The government is required to reveal, before trial, the substance of

the testimony, not merely the topic areas the witness would like to testify about: as the Advisory Committee notes to the rule point out, the notice requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  These goals are not accomplished by the government's cursory list of general topic areas.

In this case, the fundamental problem is that the government does not really want the experts to testify about their *opinions* under Rule 702.  Rather, the government is using the expert rules to circumvent the hearsay rules by recasting fact testimony as "expert opinion."  The disclosure reveals only topic areas that are fundamentally matters of fact: for example, it is not a matter of opinion whether or not FARC is involved with narcotics trafficking.  That may or may not be a fact and must be proven through witnesses with personal knowledge.  If relevant, the government may offer such facts into evidence through fact witnesses, but they may not circumvent the hearsay rules by incorrectly deeming the subject matter to be matters of opinion.

Moreover, any such testimony is likely to be wholly irrelevant because it does not make any fact in issue more or less likely to be true.

Fed. R. Evid. 401, 402.  We do not dispute that FARC has engaged or engages in terrorist activity.  The other topic areas about FARC listed in the expert notice are not relevant to the issues at trial.  Further, evidence relating to those topics is intrinsically inflammatory and creates an undue risk of misleading the jury, creating unfair prejudice and confusing the issues at trial.  Therefore, Agent Dyer's proposed testimony should be excluded under Rule 403 as well as Rule 402.

Finally, we respectfully submit that the government will be unable to prove any connection between the defendants and FARC.  Therefore, we would object to any fact or expert testimony relating to FARC in any way until *after* the government demonstrates a connection to these particular defendants.  In other words, we do not consent to any evidence in these areas being admitted "subject to connection" because no connection can be made.

### B.   Mr. Evan Kohlmann

The expert notice with respect to Mr. Kohlmann is equally deficient and raises additional concerns about prejudicing a Southern District of New York jury under Rule 403.  The notice reads as follows:

> Specifically, it is anticipated that Mr. Kohlmann will explain the genesis and history of Al Qaeda and AQIM, the nature of their interrelationship, and their ideologies.  Mr. Kohlmann will further testify about the two organizations' financing, their

> involvement in acts of terrorist violence, including acts of terrorist violence and hostage takings involving American citizens, and the impact of those attacks on commerce.

8/9/11 Gov't Letter at 1. As with the Dyer notice, this notice is wholly inadequate because it fails to set forth the substance of the testimony and fails to set forth any opinion as to which Mr. Kohlmann will testify. As with the Dyer notice, it is merely an effort to offer hearsay rather than firsthand testimony about facts that are not disputed in any event.

Moreover, testimony or opinions about "acts of terrorist violence" by Al Qaeda are likely to touch a nerve in virtually anyone in the eligible jury pool. The risk of unfair prejudice is particularly acute. As discussed in further detail below, there is no need for the government to offer any proof of any particular acts of terrorist violence. If such proof is admitted, it must be carefully circumscribed to avoid unfair prejudice under Rule 403 of the Federal Rules of Evidence. Presenting the evidence through Mr. Kohlmann raises the same concerns. At the very least, the government should be required to set forth in detail each and every "act of terrorist violence" it proposes to discuss at trial. Moreover, as with Agent Dyer's testimony, we would object to any testimony being admitted subject to connection because we submit that the government will be unable to prove any connection between the defendants and Al Qaeda or AQIM. *See U.S. v. Amawi*, 541

6

F.Supp.2d 945 (N.D. Ohio 2008) (precluding Mr. Kohlmann's proposed expert testimony on Al Qaeda).

## II. The Government Should Not Be Permitted to Offer Inflammatory Evidence Regarding Specific Terrorist Acts

This courthouse sits a stone's throw away from the scene of the most horrific event in recent American history, perpetrated by Al Qaeda. Al Qaeda's actions directly affected thousands of residents of the Southern District of New York. Memories of the events of September 11, 2001 remain present in the daily lives of everyone over the age of ten who lives or works in this district. They have become an inescapable part of who we all are –prosecutors, defense lawyers, judges, court personnel and jurors.

There is no issue in this trial as to whether Al Qaeda perpetrated those acts or other terrorist acts. The issue is whether or not these defendants knowingly intended to assist Al Qaeda in Africa. There is no need, in our view, for any evidence regarding any particular acts by Al Qaeda–the only conceivable purpose of such evidence would be to inflame the emotions of the jury. Likewise, it is universally accepted within the Southern District of New York that Osama Bin Laden was personally responsible for the tragic events of 9/11. Any mention of Mr. Bin Laden–and any baseless attempt to associate him with these defendants—has the same potential to needlessly confuse the issues before the jury. Therefore, we ask that the government be

required to accept our stipulation and be precluded from offering evidence relating to specific terrorist acts by Al Qaeda or evidence relating to Osama Bin Laden. *See, e.g., U.S. v. Al-Moayad*, 545 F.3d 139 (2d Cir. 2008) (reversing conviction for material support where testimony about particular terrorist acts deprived defendant of fair trial, absent connection between defendant and the acts).

### III. The Surplusage in the Indictment Should Be Struck or, in the Alternative, the Indictment Should Not Be Shown to the Jury

For the same reasons, paragraphs one through seven of the indictment contain surplusage unnecessary to the charges at hand and should not be disclosed to the jury.

Dated:   New York, New York
         September 2, 2011

*Zachary Margulis-Ohnuma*
Zachary Margulis-Ohnuma (ZM-___)
260 Madison Avenue, 17th Floor
New York, New York 10016
(212) 685-0999
*Counsel for Def. Idriss Abdelrahman*