UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA,
                                                :   09 Cr. 1244 (BSJ)
   - v. -
                                                :
HAROUNA TOURÉ and
IDRISS ABDELRAHMAN                              :

            Defendants.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# GOVERNMENT'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
# GOVERNMENT TRANSCRIPTS

                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York
                                One St. Andrew's Plaza
                                New York, New York 10007

Christian R. Everdell
Edward Y. Kim
Assistant United States Attorneys
      -Of Counsel-

## **PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to defendant Idriss Abdelrahman's motion *in limine* to exclude Government transcripts or, in the alternative, to require that the Government's transcripts include defendants' competing transcriptions or translations where there are disputes. Abdelrahman's motion should be denied in the first instance because it runs contrary to well-established law in the Second Circuit. Abdelrahman's proposed remedy also should be rejected because it has no basis in law.

## **BACKGROUND**

The Government intends to introduce audio and video recordings of various meetings and phone calls in which the defendants were participants. These recordings contain conversations conducted in English, Spanish, French, Arabic, and Songhai. Accordingly, the Government intends to introduce as exhibits transcripts containing English-language translations of these recordings.

The defendants have also expressed their intention to introduce competing transcripts. However, as of the date of this motion, the defendants have not yet produced any of their own proposed transcripts. Rather, Abdelrahman produced a small number of objections to the French, Spanish, and Arabic portions of some of the Government's transcripts. The objections specify competing defense translations and/or transcriptions, and Abdelrahman has taken the position that these objections may not be used for impeachment and also may be subject to change. Touré has indicated that he intends to introduce transcripts of numerous recorded phone calls but has not yet produced any proposed transcripts.

## **ARGUMENT**

Abdelrahman first argues that the Government transcripts should be excluded because they represent hearsay statements of the translators. Abdelrahman's argument should be dismissed because translators are merely a "conduit" for the content of the recordings, which are admissible. *See United States* v. *Nouira*, No. 06 Cr.135 (JBW), 2006 WL 2417245, at *2 (E.D.N.Y. Aug. 21, 2006) ("Objection on hearsay grounds to written translation submitted without supporting testimony from the translator is generally disposed of in this circuit by a holding that the translator is merely a 'conduit' to permit the original language message to reach the English-speaking jury.") (citing *United States* v. *Koskerides*, 877 F.2d 1129 (2d Cir. 1989). Moreover, the Second Circuit has held that English translations of foreign-language transcripts are properly admitted into evidence. *United States* v. *Chalarca*, 95 F.3d 239, 246 (2d Cir. 1996) ("The decision to receive in evidence English translations of foreign-language transcripts lies in the discretion of the district court.").

Abdelrahman's next argument—that the Government should be forced to place defendants' competing translations within the Government's own exhibits—is similarly unsupported by law. The Second Circuit has held that "[i]f the accuracy of the transcript is contested, competing transcripts may be submitted to the jury." *United States* v. *Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001). In this case, the Government intends to admit its transcripts through its translator witnesses during its case-in-chief. The defendants are then free to seek the admission of any competing transcripts through their own experts *during the defense case*. The relief that Abdelrahman seeks—namely, forcing the Government to present the defendants'

competing transcripts within the Government's own exhibits during the Government's case-in-chief—has no basis in law.[1]

Abdelrahman's arguments are particularly unavailing in light of the defendants' failure to complete the production of *any* final defense transcripts to date.  In order to permit the Government adequate time to have its own translators evaluate the defendants' proposed transcripts in sufficient time to allow for meaningful cross-examination of the defendants' translators, the Government respectfully submits that the Court should order that final versions of the proposed defendants' transcripts be produced no later than one week prior to trial.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that Abdelrahman's motion *in limine* should denied in its entirety.

Dated: New York, New York
       April 4, 2012

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney for the
                                          Southern District of New York

                            By: _____/s/_____
                                          Christian R. Everdell / Edward Y. Kim
                                          Assistant United States Attorneys
                                          Tel: 212-637-2556 / 2401
                                          Fax: 212-637-0097

---

[1] The cases cited by Abdelrahman do not require a different procedure.  *See United States* v. *Carson*, 464 F.2d 424 (2d Cir. 1972) (approving but not requiring admission of transcripts where parties reached agreement on accuracy of transcripts, with certain exceptions that included parties' competing translations); *United States* v. *Robinson*, 707 F.2d 872, 876 (noting merely that "[s]ubmitting two versions of a disputed transcript has also been approved by the Second Circuit" and citing *Carson*).

## AFFIRMATION OF SERVICE

EDWARD Y. KIM, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York. That, on April 4, 2012, I caused copies of the Government's Memorandum of Law to be delivered by ECF and electronic mail to:

| Michael Hurwitz, Esq. | Zachary Margulis-Ohnuma, Esq. |
| hurwitzm@gmail.com | zach@zmolaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
April 4, 2012

_____/s/_____
Edward Y. Kim
Assistant United States Attorney
(212) 637-2401